

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| HOWARD WAYNE LEE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-CV-927-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Howard Wayne Lee, TDCJ #21629, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

Petitioner is serving two concurrent forty-year sentences for his December 4, 2012, convictions for tampering with evidence and bail jumping in the 355th District Court of Hood County, Texas, cause numbers CR11767 and CR12305. (Resp't Ans, Ex. A) Petitioner did not appeal his convictions. (Pet. at 3) He asserts he has filed a state habeas application challenging his convictions, which remains pending at this time in the trial court. (Pet. at 3, 8) Petitioner filed this federal petition for writ of habeas corpus on January 10, 2013.[1]

## D. Rule 5 Statement

Respondent asserts petitioner has not exhausted his state remedies as required by 28 U.S.C. § 2254(b)-(c). (Resp't Ans. at 3-5)

## E. Exhaustion of Remedies in State Court

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[2]; *Fisher v. Texas*,

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[2] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .

(continued...)

169 F.3d 295, 302 (5th Cir. 1999). A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims in a procedurally correct manner to the Texas Court of Criminal Appeals in either a properly filed petition for discretionary review or state habeas corpus application under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).

The record substantiates respondent's assertion that petitioner has not exhausted his state court remedies with respect to the claims presented. Even assuming petitioner has filed a proper state habeas application in the trial court, the application has not been forwarded to and considered by the Texas Court of Criminal Appeals. *See* Texas Court of Criminal Appeals's website, *available at* http://www.cca.courts.state.tx.us. Consequently, the state's highest court has not been afforded a fair opportunity to consider and rule on the merits of petitioner's claims, and the claims are unexhausted for purposes of federal habeas review. Neither petitioner's pro se status nor his unfamiliarity with the law is sufficient cause to excuse a procedural default. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Absent a showing that state remedies are inadequate, such showing not having been demonstrated, petitioner cannot now proceed in federal court in habeas corpus. Petitioner must first pursue his state habeas corpus remedies through completion before seeking relief under § 2254.

---

[2](...continued)
    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

Accordingly, dismissal of this petition for lack of exhaustion is warranted so that petitioner can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[3]

## II. RECOMMENDATION

It is therefore recommended that the petition be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply. All pending motions not previously ruled upon, including petitioner's motion for summary judgment (docket no. 14), should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 22, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the

---

[3] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 22, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 1, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE